**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| C.O., *et al.*, | |
| *Plaintiffs*, | Civil Action No. 24‑1432 (SLS) |
| v. | Judge Sparkle L. Sooknanan |
| DISTRICT OF COLUMBIA, | |
| *Defendant*. | |

## ORDER

C.O., who was six years old when this lawsuit was filed, is blind, hearing impaired, nonverbal, and uses a wheelchair. On May 15, 2024, C.O. filed a Complaint in this Court by and through a surrogate parent and next friend. *See* Compl., ECF No. 1. The Complaint alleged that the District of Columbia (1) failed to provide a free appropriate public education (FAPE) in violation of the Individuals with Disabilities Act (IDEA), and (2) discriminated against C.O. on the basis of disability in violation of Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act (ADA), and the District of Columbia Human Rights Act (DCHRA). *See id.* ¶¶ 55–68. The next day, the case was referred to Magistrate Judge G. Michael Harvey for full case management "up to and including issuance of a report and recommendation on any dispositive motions, but excluding trial." Minute Order (May 16, 2024).

In August 2021, C.O. was made a ward of the State of Maryland after being removed from the care and custody of C.O.'s biological parents. Compl. ¶ 5. C.O. was placed in foster care and thrived for almost two years before the foster family could no longer provide care. *Id.* ¶¶ 20–21; *see also* R. & R. at 2 n.2, ECF No. 18 (identifying typographical error). In March 2023, the Cecil County Department of Social Services placed C.O. in the Hospital for Sick Children in the District

of Columbia because it could not identify another foster family to care for C.O. Compl. ¶ 21; *see also* R. & R. at 2 n.2.

Shortly after C.O. was placed in the hospital, Cecil County Public Schools (CCPS) tried to enroll C.O. in the closest elementary school, which was in the District of Columbia Public Schools (DCPS) system. Compl. ¶ 25. But that school could not enroll C.O. because it was not wheelchair accessible. *Id.* In June 2023, a DCPS official sent an email to a CCPS official saying that "DCPS will not enroll this student" because DCPS was not C.O.'s local education agency. *Id.* ¶ 26; *see also* 20 U.S.C. § 1401(19)(A) (defining local education agency). CCPS offered to pay for C.O.'s attendance at a DCPS school pursuant to D.C. Code § 38-302. *Id.* ¶¶ 10, 27. But the DCPS official "continued to rebuff these efforts," saying that DCPS "[would] not be providing services to this Cecil County student not unlike the hundreds of children receiving care from local hospitals[.]" *Id.* ¶ 27. DCPS argued that C.O. was not a resident of the District of Columbia because neither of his parents were residents and his surrogate parent did not live in the District. *Id.* ¶ 29. The Plaintiffs allege that they have been "informed that DCPS has a policy, pattern, or practice of not enrolling [Hospital for Sick Children] students in DCPS schools, regardless of need or length of anticipated . . . stay." *Id.* ¶ 33.

On June 28, 2024, the Defendant moved to dismiss the Section 504, ADA, and DCHRA claims for failure to state a plausible claim for relief. *See* Def.'s Mot. at 1, 3, ECF No. 8 (citing Fed. R. Civ. P. 12(b)(6)). It argued that the same standard applies to all three claims. *See id.* at 6. (citing *A.M. v. Bridges Public Charter School*, No. 17-cv-177, 2019 WL 1932579, at *2 n.7 (D.D.C. May 1, 2019)). And it argued that the claims should fail under that standard because (1) the Plaintiffs did not allege that the Defendant "acted in bad faith or demonstrated gross misconduct," *id.* at 4 (citing *Walker v. District of Columbia*, 157 F. Supp. 2d 11 (D.D.C. 2001)),

and (2) the allegations of discrimination were conclusory, *id.* at 5. The Plaintiffs responded by arguing that the bad faith or gross misconduct standard does not apply, and that if it does, the Complaint has satisfied it. *See* Pls.' Opp'n at 8–14, ECF No. 11. The Defendant replied, and the Plaintiffs filed a sur-reply. *See* Def.'s Reply, ECF No. 12; Pls.' Sur-Reply, ECF No. 16. Magistrate Judge Harvey then filed a Report and Recommendation on January 14, 2025. *See* R. & R.

Magistrate Judge Harvey recommended denying the Defendant's Partial Motion to Dismiss. *See* R. & R. at 23. On the first point, he declined to "wade into the dispute over the continuing validity of the bad faith or gross misjudgment standard," *id.* at 15, for two reasons. First, as the Defendant acknowledged, "the bad faith or gross misconduct standard applies *only when* a plaintiff seeks to make out a discrimination claim that is premised on the violation of a right uniquely granted by IDEA (that is, a FAPE violation)." *Id.* at 14 (quoting Notice of Filing Resp., Attach. 1 at 10, ECF No. 17-1 (citing *Lunceford v. District of Columbia Bd. of Educ.*, 745 F.2d 1577, 1580 (D.C. Cir. 1984) ("Manifestly, in order to show a violation of the Rehabilitation Act, something more than a mere failure to provide the free appropriate education required by [the statute] must be shown." (internal quotation marks omitted)))). And here, the Plaintiffs' claims were focused on the "refusal to allow C.O. to participate in public education *at all*, allegedly because the child is disabled, not just *special* education services under the IDEA." *Id.* at 16 (cleaned up). Second, the fact that DCPS's "refusal . . . resulted in C.O. receiving *no* education for a year—notwithstanding [CCPS's] offer to pay tuition in accordance with D.C. law" was sufficient to support an allegation of bad faith or gross misconduct. *Id.* at 21.

On the second point, Magistrate Judge Harvey rejected the argument that the Plaintiffs had "not pleaded sufficient facts to show that C.O.'s disability played a motivating factor in the alleged denial of benefits." *Id.* at 19 (quoting Def.'s Mot. at 6, 7). He offered two reasons.

First, the Plaintiffs had alleged that DCPS refused to enroll C.O. while C.O. was at the hospital despite the fact that tuition was covered—"and, indeed, that it was DCPS's practice to refuse to enroll any disabled child housed at that hospital"—even though it generally allows non-resident students to enroll if tuition is paid. *Id.* at 20. And this sort of special treatment was enough to support the allegation that C.O. "was denied the same services as other . . . students *solely because of* his disability." *Id.* (quoting *Easter v. District of Columbia*, 128 F. Supp. 3d 173, 179 (D.D.C. 2015)). Second, the Plaintiffs had alleged (1) that the Defendant had offered as its excuse that it is was unable to meet C.O.'s special education needs and (2) that this excuse was false because C.O.'s needs were not extraordinary. *Id.* And "[a]lleging that the defendant's proffered reason for its challenged conduct was untrue can 'support an inference of discrimination sufficient to survive a motion to dismiss.'" *Id.* (quoting *Williams v. Donovan*, 219 F. Supp. 3d 167, 174 (D.D.C. 2016)).

Neither party objected to the Report and Recommendation pursuant to Local Rule 72.3(b). And the deadline to do so has since passed. *See* LCvR 72.3 (fourteen days). The Defendant has even filed a notice saying that "it will not file objections to the . . . Report and Recommendation." Notice, ECF No. 20.

The Court has examined the thorough Report and Recommendation and the filings submitted by both parties. In light of the arguments made in the briefs, the facts in the record, and the lack of any objection, the Court **ORDERS** that the Report and Recommendation is **ADOPTED** in its entirety. The Defendant's Partial Motion to Dismiss is **DENIED**.

**SO ORDERED.**

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   March 19, 2025